In re Jeffery L. BARBER, Debtor.

Frank Tanner, Maureen Tanner, Patsy Clark O'Hearn, Kristopher Hool, and M. Barry Fitzgerald, Plaintiffs—Appellees,

Dorian Fox and The Investment Center, Inc., a New Jersey corporation, Plaintiffs,

v.

Jeffery L. Barber, Defendant—Appellant.

BAP No. WY–04–072.
Bankruptcy No. 03–22008.
Adversary No. 03–02074.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

March 11, 2005.

Before McFEELEY, Chief Judge, CLARK, and BOHANON, Bankruptcy Judges.

## OPINION

McFEELEY, Bankruptcy Judge.

Debtor/Defendant Jeffery L. Barber, appeals an order of the United States Bankruptcy Court for the District of Wyoming that granted summary judgment in favor of Appellee/Plaintiffs Frank Tanner, Maureen Tanner, Patsy Clark O'Hearn, and Barry Fitzgerald (hereinafter, collectively, "Appellees"), Kristopher Hool,[1] the Investment Center, and Dorian Fox. Barber argues that the bankruptcy court erred when it found that Barber's nondischargeable debt to the Appellees and Hool under 11 U.S.C. § 523(a)(2)[2] included any unliquidated punitive damages although punitive damages had not specifically been pled in the adversary complaint. We conclude that there is no requirement to itemize damages in an adversary complaint under § 523(a)(2) that does not assess the amount of a debt but determines only whether a debt is dischargeable.[3]

## I. Background

The Investment Center employed Barber as an independent stockbroker. During Barber's employment at the Investment Center and for some time thereafter,

Submitted on the briefs: * Mark E. Macy of Macy Law Office, P.C., Cheyenne, Wyoming, for Defendant—Appellant.

Stephen R. Winship of Winship & Winship, P.C., Casper, Wyoming, for Plaintiffs—Appellees.

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. Although Kristopher Hool participated in the bankruptcy case, he did not participate in this appeal. However, because Barber argues that the bankruptcy court erred when it concluded that Barber is responsible for any punitive damages stemming from Hool's claim, we will address that argument as well.

2. Unless otherwise noted, all future statutory references are to Title 11 of the United States Code.

3. The Appellees and Hool filed a Motion to Supplement Record on Appeal asking to supplement this appeal with a civil complaint filed in state court. This motion is unopposed. Therefore, we allow the motion.

Appellees gave Barber monies to invest for them. Barber converted many of these investment monies for his use. At or around the same time period, Barber obtained a loan from Hool that Barber failed to repay.

On October 29, 1999, in the District Court of the Seventh Judicial District of Wyoming ("District Court"), Barber pled guilty to criminal counts of Obtaining Money by False Pretenses, Securities Fraud, and Forgery with respect to his activities with Frank and Maureen Tanner and Patsy Clark O'Hearn. As part of his plea agreement, Barber agreed to provide restitution to Hool. On December 23, 1999, the District Court entered its Judgment and Sentence ("Sentence"). The Sentence imposed a prison term and mandated restitution as follows: "[K]hris Hool, forty-eight thousand eighty-eight dollars and twenty cents ($48,088.20); Ms. Coleman fifty-one thousand five hundred twenty-four dollars and seventy-seven cents ($51,524.77); Frank and Mimi Tanner one hundred fifty-one thousand one hundred twenty-five dollars and fifty-five cents ($151,125.55)." Judgment and Sentence, *in* Appellant's Appendix at 38.

In 1999, Hool filed a civil action against Barber in the District Court. Subsequently, Hool filed an amended complaint asking for punitive damages. When Barber failed to respond, Hool moved for and obtained a default judgment. In the Default Judgment entered on January 7, 1999, the District Court found that Barber obtained a loan from Hool through fraud or false pretenses. It entered judgment for Hool in the amount of $48,088.20, which included both principal and attorney's fees. Additionally, the Default Judgment provided for interest on the judgment at ten per-

cent *per annum* together with the costs of collecting the judgment, including further attorney's fees. Finally, the default judgment preserved the issue of punitive damages for later resolution.

On April 16, 2001, Appellees filed a civil complaint against Barber in the District Court. The civil complaint also named as defendants the Investment Center and Dorian Fox, Barber's supervisor during his employment. Based on the activities that resulted in Barber's criminal conviction, the civil complaint alleged, among other things, fraud and breach of contract and asked for compensatory and punitive damages.

The state case was stayed when Barber filed under Chapter 7 of the Bankruptcy Code on October 9, 2003.[4] On December 9, 2003, the Appellees, Hool, the Investment Center, and Fox filed an Adversary Complaint in Barber's bankruptcy case alleging that their debts were nondischargeable under § 523(a)(2), (4), and (6). Subsequently, on August 9, 2004, the Appellees and Hool moved for summary judgment. The bankruptcy court heard the motion for summary judgment on August 31, 2004, and entered its Order Granting Summary Judgment in their favor on their § 523(a)(2) claims on September 30, 2004. Because it had ruled on the § 523(a)(2) claims, the bankruptcy court found it unnecessary to address the § 523(a)(4) and (6) claims. In the Summary Judgment Order, the bankruptcy court found that the entire amount of the debt owed by Barber to the Appellees and Hool including unliquidated punitive and compensatory damages was nondischargeable. However, the bankruptcy court abstained from determining the to-

---

4. The record contains no document indicating the exact status of the state civil case at the time the bankruptcy was filed.

tal amount of the debt and any other pending issues, concluding that the state court was in a better position to make that determination.

On October 12, 2004, Barber filed a Motion to Alter or Amend Summary Judgment on the Appellees' and Hool's Claims ("Motion to Alter or Amend"). In the Motion to Alter or Amend, Barber argued that the bankruptcy court erred when it stated that any punitive damages as determined by the state court would be nondischargeable. On that same date, Barber filed a Notice of Appeal with this Court. The bankruptcy court denied Barber's Motion to Alter or Amend on October 14, 2004.

■ We have jurisdiction over this appeal. The bankruptcy court's Order disposed of the adversary proceeding and is a final order subject to appeal under 28 U.S.C. § 158(a)(1). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). Barber timely filed a notice of appeal. Although the Notice of Appeal was filed while a postjudgment motion remained pending, under Federal Rule of Bankruptcy Procedure 8002(b), the resolution of the postjudgment motion on October 14, 2004, properly brought the original judgment to this Court's jurisdiction. Fed. R. Bankr.P. 8002(b)(2).[5] The parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the district of Wyoming. 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e); 10th Cir. BAP L.R. 8001–1.

**5.** The Order disposing of the Motion to Alter or Amend is not before us because the Notice of Appeal was not amended to include that Order. Fed. R. Bankr.P. 8002(b)(4).

## II. Discussion

■ In this appeal Barber does not dispute that his debt to the Appellees and Hool is nondischargeable under § 523(a)(2)(A). Barber's argument focuses on the pleading requirements of Federal Rules of Bankruptcy Procedure 7008 and 7009. He contends the bankruptcy court erred when it determined that any unliquidated punitive damages would be nondischargeable since these damages were not specifically pled. The question before us is whether Rules 7008 and 7009 mandate that a plaintiff must detail the amount and type of debt when the sole issue before a bankruptcy court is whether an unliquidated debt is nondischargeable. This is an issue of law that we review *de novo*. *See Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

■ Federal Rule of Bankruptcy Procedure 7008 is a pleading rule that adopts the requirements of Federal Rule of Civil Procedure 8(a) ("Rule 8"). Under Rule 8(a), complaints must contain a short and plain statement of the facts and the requested relief. Fed. R. Bankr.P. 7008; Fed.R.Civ.P. 8(a)(1)-(3). Federal Rule of Bankruptcy Procedure 7009 adopts Federal Rule of Civil Procedure 9 ("Rule 9"), which provides that "[w]hen items of special damages are claimed, they shall be specifically stated." [6] Fed.R.Civ.P. 9(g). Barber argues that in the absence of specifically pled punitive damages in the adversary complaint, the pleading requirements of these two rules preclude a determination that punitive damages are nondischargeable.[7] We disagree.

**6.** Barber does not dispute that under Rule 9(b), attorney's fees and costs were properly pled.

**7.** We assume, *arguendo,* that punitive damages are special damages. Some bankruptcy

■■  Here, the complaint asks that the debt for fraud be deemed nondischargeable. As a matter of law, nondischargeable debt under § 523(a)(2)(A) is not limited to the actual value a debtor obtains through fraud, but includes punitive and compensatory damages. *Cohen v. de la Cruz*, 523 U.S. 213, 215, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). Therefore, when the bankruptcy court found that the debt was nondischargeable under § 523(a)(2)(A), it found that liability for all damages flowing from the fraud was nondischargeable. Because the bankruptcy court abstained from determining the total amount of the debt as the issue was pending in state court, there was no requirement under Federal Rules of Bankruptcy Procedure 7008 or 7009 that the plaintiffs itemize specific damages in the adversary complaint.

### III.  Conclusion

For the reasons set forth above, the bankruptcy court's judgment is affirmed.

courts have found that punitive damages are not special damages and need not be so pled. *See Gold In Grain, Inc. v. Johnson State Bank (In re Gold In Grain)*, 2004 WL 2999140 *2 (Bankr.D.Kan.) (stating that in the district of Kansas, punitive damages are special damages); *contra In re Harry Levin, Inc.*, 175 B.R. 560 (Bankr.E.D.Penn.1994) (finding that under Rule 7009, punitive damages are not spe-cial damages and need not be so stated). Because we decide this issue on different grounds, we will not address this question.